UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF FLORIDA

FILED by _____ D.C.
NOV 26 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

JONATHAN PADILLA
    Plaintiff.

Case No.:

-v-

BAYVIEW LOAN SERVICING, LLC
    Defendants.

## VERIFIED COMPLAINT for RELIEF

Plaintiff, JONATHAN PADILLA, hereby sues Defendant, BAYVIEW LOAN SERVICING, LLC and alleges:

### NATURE OF ACTION

1. This is an action for damages brought for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.72(5) and §559.72(9); for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227 *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by Fla. Stat. §559.77, 15 U.S.C. §1681p, 15 U.S.C. §1692k, and 47 U.S.C. §227(a)3 & (a)5.

3. Venue is proper in this Circuit pursuant to Fla. Stat. §559.77 and 28 U.S.C. §1391b.

4. This is an action for damages, which exceed $15,000.00.

5. Plaintiff, JONATHAN PADILLA, is a natural person and is a resident of the State of Florida.

6. Defendant, BAYVIEW LOAN SERVICING, LLC is a Florida Corporation.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

8. Plaintiff has no prior or present established relationship with the Defendant

9. Plaintiff has never given any Defendant express permission to call Plaintiff's cellular phone.

10. Plaintiff has no contractual obligation to pay Defendant

11. In July 2013, Plaintiff received 2 letters from BAYVIEW LOAN SERVICING, LLC stating that they are collecting a debt. Both letters stated in part **"THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE."** Defendant left a recorded message using automatic telephone dialing system on Plaintiffs cellular phone failing to identify that they were debt collectors trying to collect a debt.

12. August 2013 Plaintiff responded to letters and recorded message with a mailed request to Validate alleged debt sent via Certified mail. Later that month PLAINTIFF received a letter from DEFENDANT stating they had received PLAINTIFF s request to validate and letter stated in part **"THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE."**

13. September 2013 Plaintiff received another letter from BAYVIEW LOAN SERVICING, LLC stating that they are collecting a debt with no validation of the debt as

previously requested. The letter stated in part "**THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.**" During this month Defendant left 2 recorded messages using automatic telephone dialing system on Plaintiffs cellular phone failing to identify that they were debt collectors trying to collect a debt.

14. On October 3, 2013 Plaintiff sent a letter via certified mail to Defendant to amicably resolve violations.

15. October 10, 2013 Plaintiff received letter from Defendant stating they were in receipt of correspondence to resolve violations further stating in part "**THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.**"

16. Plaintiff contends that the illegal actions of the Defendant has harmed the Plaintiff, resulting in a reduction of his credit score, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT I
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT BAYVIEW LOAN SERVICING, LLC

17. Paragraphs 1 through 16 are re-alleged as though fully set forth herein.

18. Plaintiff is a consumer within the meaning of the FCCPA, Fla. Stat. §559.55(2).

19. BAYVIEW LOAN SERVICING, LLC is a debt collector within the meaning of the FCCPA, Fla. Stat. §559.55(6).

20. BAYVIEW LOAN SERVICING, LLC violated the FCCPA. Defendants' violations include, but are not limited to, the following:

(a) BAYVIEW LOAN SERVICING, LLC violated Fla. Stat. §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.

(b) BAYVIEW LOAN SERVICING, LLC violated Fla. Stat. §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

(c) BAYVIEW LOAN SERVICING, LLC violated Fla. Stat. §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against BAYVIEW LOAN SERVICING, LLC for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT BAYVIEW LOAN SERVICING, LLC

21. Paragraphs 1 through 16 are re-alleged as though fully set forth herein.

22. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

23. BAYVIEW LOAN SERVICING, LLC is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

24. BAYVIEW LOAN SERVICING, LLC violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) BAYVIEW LOAN SERVICING, LLC violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b) BAYVIEW LOAN SERVICING, LLC violated 15 U.S.C. §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

(c) BAYVIEW LOAN SERVICING, LLC violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(d) BAYVIEW LOAN SERVICING, LLC violated 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against BAYVIEW LOAN SERVICING, LLC for actual, statutory and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III
## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. §227
## BY DEFENDANT BAYVIEW LOAN SERVICING, LLC

25. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number. 47 U.S.C. §227(b)(1)(A) states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

26. Defendant Das has called the Plaintiffs phone no less than 3 times using an automatic dialing system.

27. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number no less than 3 times and using an automatic dialing system. The 3 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.

28. 47 U.S.C. States an unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

29. Plaintiff and Defendant do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**WHEREFORE**, Plaintiff demands judgment for damages against BAYVIEW LOAN SERVICING, LLC for actual, statutory and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C. §227(b)3 & (c)5.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this ___ Day of November, 2013

JONATHAN PADILLA,
811 Ne 199th St. #105
Miami, Fl 33179
305-766-9906

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this ___ day of November, 2013 by U.S. Mail delivery to:

BAYVIEW LOAN SERVICING, LLC
4425 Ponce De Leon Blvd. 5th Floor
Coral Gables, Fl 33146

JONATHAN PADILLA
811 Ne 199th St. #105
Miami, Fl 33179
305-766-9906