UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF FLORIDA

JONATHAN PADILLA

    Plaintiff,

-v-                                      Case No. 13-CV-24291-WJZ

BAYVIEW LOAN SERVICING, LLC

    Defendants.

### PLAINTIFF'S RESPONSE TO DEFENDANT BAYVIEW LOAN SERVICING, LLC MOTION TO STRIKE JURY DEMAND

JONATHAN PADILLA, hereby responds to Defendant BAYVIEW LOAN SERVICING, LLC (Bayview) Motion to Dismiss Plaintiff's jury trial demand and Memorandum of Law, and states as follows:

### I. STATEMENT OF FACTS

1.    This action was brought because of the Defendants violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227, Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 and the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI).

2.    Defendant Bayview's Motion to Strike Plaintiffs Demand For Jury Trial might be applicable if the Plaintiff had a mortgage with Bayview. Since the Plaintiff denies the fact that he has any obligation to Bayview and Bayview has not offered the Plaintiff any evidence that Plaintiff in fact has any contractual or other obligation to Bayview, it is

obvious on its face the motion is warrantless.

3.   The attached exhibits Bayview presented to substantiate their motion makes it clear that the alleged contractual obligation, if any, is with Flick Mortgage Investors, Inc not Bayview. In other words Bayview cannot claim a defense using an agreement Bayview is not a party to.

4.   Despite the fact that the Plaintiff has no obligation to Bayview and Bayview's defenses are meritless, the fact remains that Bayview is in violation of several Federal Acts that have little or no defenses. The jury trial waiver does not apply to Plaintiff.

5.   While Bayview claims that the Plaintiff's allegations arise from and relate directly to the mortgage and note, they in fact do not. The allegations arise from Bayview's violating Federal laws put in place to limit such debt collector behavior and protect the rights of the consumer.

6.   Defendant Bayview claims that the Plaintiff "unlawfully" attempted to disavow the contractual waiver of trial by demanding a jury trial in the case. It is perfectly clear that Bayview is in fact disavowing the Plaintiffs demand by attempting to mislead the Court by claiming to have a right under some alleged agreement that Bayview is obviously not a party to. In other words, their claims are contrived and nothing more.

7. While Bayview seems to not know if it is related to a foreclosure action or security interest activity, if they are servicer or assignee, it is irrelevant to Bayview's motion as Bayview has offered no evidence that Bayview is any of the above and Bayview's motion should be denied for its misleading basis.

WHEREFORE, Plaintiff respectfully requests that Defendants Motion To Strike Plaintiffs Demand for Jury Trial be denied.

Dated: February 12, 2014
Respectfully submitted,

*[signature]*

JONATHAN PADILLA,
811 Ne 199th St. #105
Miami, Fl 33179
305-766-9906

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 12th day of February, 2014 by Email delivery to:

*Copies furnished to*:
Mahra C. Sarofsky
msarofsky@tabasfreedman.com
of Tabas, Freedman & Soloff, P.A.
One Flagler Building
14 Northeast First Avenue, Penthouse
Miami, Fl 33132

Counsel for

BAYVIEW LOAN SERVICING, LLC
4425 Ponce De Leon Blvd. 5th Floor
Coral Gables, Fl 33146

*[signature]*

Jonathan Padilla
811 Ne 199th St. #105
Miami, Fl 33179
305-766-9906